**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| RONALD CHAVIS | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| JOHN P. DELANEY, WARDEN/ | : | |
| DETENTION CENTER, D.A. OF PHILA. | : | |
| COM. OF PA. | : | NO. 13-3532 |

**MEMORANDUM**

**Savage, J.** December 12, 2019

Petitioner Ronald Chavis, through a petition for a writ of *coram nobis*, once again challenges his state court conviction for theft, receiving stolen property, and criminal trespass. He had previously filed two unsuccessful petitions for *habeas* relief in this Court. He raised the same issues in both cases. In this case, the Third Circuit Court of Appeals denied a certificate of appealability. Now, he asserts that the Common Pleas Court lacked jurisdiction to try and convict him.

The remedy of a writ of error *coram nobis* is rare. *Mendoza v. United States*, 690 F.3d 157, 159 (3d Cir. 2012). It may be used to attack allegedly invalid convictions with continuing consequences when the petitioner is no longer "in custody" for purposes of 28 U.S.C. § 2255. *Id.*; *United States v. Baptiste,* 223 F.3d 188, 189 (3d Cir. 2000) (per curiam). The relief of *coram nobis* is only appropriate to correct errors for which there was no remedy available. *Mendoza*, 690 F.3d at 159. Hence, a court may not issue a writ of *coram nobis* when an alternative remedy is available. *United States v. Rhines*, 640 F.3d 69, 71 (3d Cir. 2011) (citing *United States v. Denedo,* 556 U.S. 904, 911 (2009)).

*Coram nobis* relief is only available when a petitioner's sentence has been served, the petitioner shows exceptional circumstances and continuing collateral disadvantages,

and alternative remedies are not available. *See Denedo*, 556 U.S. at 911. *Coram nobis* relief is not available to attack a state court judgment. *See Obado v. New Jersey*, 328 F.3d 716, 718 (3d Cir. 2003). Chavis has not made the necessary showing that he is eligible for *coram nobis* relief.

Even if he had, his petition is without legal and factual foundation. His legal argument that the state court lacked jurisdiction is meritless. The state court had jurisdiction over the defendant who was charged with violating provisions of the Pennsylvania Crimes Code. The offenses occurred in Philadelphia, Pennsylvania. Therefore, the state court had jurisdiction to prosecute him.

/s/ TIMOTHY J. SAVAGE J.